# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2714

_____

| | |
|---|---|
| Joe F. Fuller, | * |
| | * |
| Plaintiff - Appellant, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Western District of Missouri. |
| Charles Megerman; Jay Nixon, | * |
| | *       [UNPUBLISHED] |
| Defendants - Appellees. | * |

_____

Submitted:  January 12, 1999

Filed:  April 27, 1999

_____

Before LOKEN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Joe F. Fuller appeals the denial of his petition for a writ of habeas corpus.  Fuller was convicted of second degree burglary and sentenced as a repeat offender to seven years in prison.  The Missouri trial court denied Fuller's motion for post-conviction relief after an evidentiary hearing, and the Missouri Court of Appeals affirmed his conviction and sentence and the denial of post-conviction relief in an unpublished Order and Memorandum dated April 30, 1996.  The district

court[1] denied without a hearing Fuller's petition for federal habeas relief under 28 U.S.C. § 2254. Fuller appealed, and we granted a certificate of appealability on two of the issues he seeks to raise on appeal. We now affirm.

Fuller first argues that the trial court violated his Confrontation Clause rights by limiting the cross-examination of police officer Lowell Fundom. Fundom discovered Fuller and two others loading tools into a pick-up truck parked in front of an auto salvage business at 3:00 in the morning. The trial court precluded Fuller from examining Fundom about his recent demotion from sergeant to patrol officer. Fuller argues he was prejudiced by not being allowed to attack officer Fundom's credibility and bias. The Missouri Court of Appeals rejected this claim because, "Fuller's offer of proof indicated that the departmental charges against officer Fundom related to the possibly unauthorized procurement of a dog for the police canine unit, charges which Fundom claimed were untrue and unproven. There charges simply do not establish any bias on the part of officer Fundom." Giving the state court's findings and conclusions the deference to which they are entitled, the district court denied relief on this ground. After careful review of the state court record, we agree. "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986).

Fuller next argues that his trial counsel provided constitutionally ineffective assistance by failing to impeach officer Fundom with an alleged inconsistency between the officer's police report and his trial testimony. The Missouri Court of Appeals concluded that Fuller failed to prove the requisite prejudice because it is questionable whether the two statements are inconsistent, counsel did cross-examine Fundom about another alleged inconsistency between his police report and trial

---

[1]The HONORABLE D. BROOK BARTLETT, Chief Judge of the United States District Court for the Western District of Missouri.

testimony, the alleged inconsistency did not involve a disputed fact, and the evidence against Fuller was overwhelming. The district court agreed that Fuller cannot satisfy the prejudice requirement of <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). Again, after careful review of the state court record, we agree.

We have also received and reviewed Fuller's pro se supplemental brief on appeal. The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.